# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY LOU WALKER, ) ) Plaintiff, ) ) v. ) ) VILLAGE OF NORTHBROOK, ) a Municipal Corporation, ) ) Defendant. ) | No. 04 C 3814 Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Mary Lou Walker has sued the Village of Northbrook ("the Village") pursuant to 42 U.S.C. § 1983 for its alleged violations of her Fourteenth Amendment rights. The case is before the Court on the Village's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons provided in this Memorandum Opinion and Order, the motion is granted.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Facts

Ms. Walker owns a home in the Village of Northbrook. (Compl. ¶ 3.) Wayne Hanson,

Director of Development for the Village, told Walker that she had to remove various items stored on her property because they violated a municipal ordinance prohibiting outside storage. (*Id.*) Ms. Walker removed some items from her property but left others. (*Id.* ¶ 4.) Mr. Hanson told Ms. Walker that the remaining items must also be removed. (*Id.*) When Ms. Walker failed to comply with that instruction, the Village filed a zoning enforcement suit against her in the Circuit Court of Cook County. (*Id.* ¶ 9.)

Before the suit was filed, Ms. Walker asked Mr. Hanson about other residents of the Village who had similar items on their property. (*Id.* ¶ 5.) He responded that no action was taken against those residents because there had been no complaints made against them. (*Id.* ¶ 6.) Ms. Walker told Mr. Hanson that she was making a complaint against those residents, but Mr. Hanson said he would do nothing about her complaints. (*Id.* ¶ 8.) Ms. Walker believes that Mr. Hanson's treatment of her violated the equal protection clause of the Fourteenth Amendment. (*Id.* ¶ 13.)

## Discussion

Before this suit was filed, the Village had instituted proceedings against Ms. Walker in the Circuit Court of Cook County. (Mot. Dismiss ¶ 3.) The Village asks the Court to abstain from exercising jurisdiction over this case, in favor of those proceedings, pursuant to the *Younger* abstention doctrine. (*Id.* ¶ 5.)

The *Younger* abstention doctrine arises from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). The appellee in *Younger* was indicted in a California state court for violation of the California Criminal Syndicalism Act. *Id.* at 38. While the state court suit was pending, he filed a complaint in federal court seeking to enjoin the allegedly unconstitutional

state prosecution. *Id.* at 39. The three-judge district court panel granted the injunction and the state appealed.

The Supreme Court reversed because the injunction violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.* at 41. A federal court should enjoin a pending state prosecution, the Court said, only if failing to do so would cause the state defendant "great[,] . . . immediate" and irreparable injury. *Id.* at 46 (internal citation omitted).

In subsequent cases, the Supreme Court extended the rationale of *Younger* to civil cases. *See, e.g., New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989) (stating that the "concern for comity and federalism has led [the Court] to expand the protection of *Younger* beyond state criminal prosecutions"); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."). According to the Court, a federal court should abstain under *Younger* if the impacted state proceedings: (1) are judicial in nature and ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm*, 457 at 432. All three of those elements are present in this case.

The state proceeding pending against Ms. Walker is a civil suit in the Circuit Court of Cook County. *See Vill. of Northbrook v. Mary Lou Walker*, No. 03 M2 000283. Since the suit is judicial and ongoing, the first element required for *Younger* abstention is met.

Moreover, the state court suit, which the Village filed to enforce its zoning ordinances, implicates important state interests. *See Ahrensfeld v. Stephens*, 528 F.2d 193, 198 n.7 (7th Cir.

1975) ("[T]he application of zoning ordinances and regulations is distinctly a feature of local government which is outside the general supervisory power of federal courts.") (internal citation omitted). Thus, the second *Younger* element is also met.

Finally, the state court suit affords Ms. Walker an adequate opportunity to raise her constitutional challenges. In fact, the state appellate court has said "[t]here is no question that an individual has the right to constitutionally challenge a zoning regulation." *LaSalle Nat'l Bank v. City of Highland Park*, 799 N.E.2d 781, 795 (Ill. App. Ct. 2003), *appeal denied*, 809 N.E.2d 1287, *cert. denied*, *Emmerman v. City of Highland Park*, 125 S. Ct. 477 (2004).

Ms. Walker says, however, that she has been thwarted in her attempts to exercise that right. Specifically, she says that whenever she has attempted to raise her equal protection claims in state court, the judge would say: "We are just talking about you, only, you; we don't want to hear about what anyone else in the Village is doing." (Resp. ¶ G.)

But the state court's alleged rebuff of plaintiff's attempts to discuss other property owners does not constitute a denial of her right to assert her constitutional claim. The Illinois Code of Civil Procedure permits Ms. Walker to file affirmative defenses to the Village's action as well as any counterclaims she may have against it. *See* 735 ILL. COMP. STAT. 5/2-608, 5/2-613. Ms. Walker does not contend that she was unable to file an affirmative defense or counterclaim premised on the Village's alleged unconstitutional conduct. Absent some indication that she has tried to use the avenues available to her to vindicate her rights, she has not shouldered her burden of showing that "state procedural law barred presentation of [her] claims." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (internal citation omitted). Thus, the third *Younger* element is also met.

4

Having concluded that all of the prerequisites to *Younger* abstention exist, we must determine whether either of the doctrine's exceptions make abstention inappropriate. The first exception holds that intervention by a federal court is warranted if "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue*, 420 U.S. 592, 611 (1975). This exception applies, however, only if the plaintiff "allege[s] specific facts" that show the state proceeding "was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Arkebauer v. Kiley*, 985 F.2d 1351, 1359 (7th Cir. 1993) (internal citations omitted).

In her complaint, Ms. Walker alleges that Mr. Hanson said, "I'll get you" and "You are sick and have 2 of everything." (Compl. ¶ 12.) Though not kind, these statements do not evidence the kind of bad faith necessary to bring this case within the first exception to *Younger* abstention. *See Dombrowski v. Pfister* 380 U.S. 479, 488-92 (1965) (holding exception applied when appellants alleged that they were repeatedly threatened with prosecution to discourage them from attempting to vindicate the constitutional rights of African Americans).

A second exception allows federal intervention when the case involves such extraordinary circumstances that "if relief is not granted, irreparable injury to the plaintiff will result." *Arkebauer*, 985 F.2d at 1361 (internal citation omitted). Ms. Walker argues that the state court's disregard of her age and limited faculties constitutes an extraordinary circumstance. But Ms. Walker does not explain how the state court's alleged disregard of her limitations will lead to irreparable damage necessitating federal court intervention. *See id.* (stating that only "flagrant and patent violation[s] of the federal constitution" constitute "extraordinary circumstances" under *Younger*).

In short, Ms. Walker has not demonstrated that this case falls into either of the exceptions

5

to *Younger* abstention. Thus, the Court holds that is appropriate to abstain from exercising jurisdiction over this case.

The only remaining question is whether the case should be stayed or dismissed. In a case like this one, in which damages are sought, a court should dismiss pursuant to *Younger* only if damages are available in the state proceeding. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). If damages are not available, the federal case should be stayed to avoid any statute of limitations problems. *Id.* In Illinois, damages are available in zoning cases. *See City of Chic. v. Westphalen*, 418 N.E.2d 63, 79 (Ill. App. Ct. 1981) (stating that private landowners seeking damages for zoning ordinance violations may intervene in zoning enforcement suit filed by municipality). Thus, Ms. Walker's suit will be dismissed.

## Conclusion

For the reasons stated above, the Village of Northbrook's Rule 12(b)(6) motion to dismiss [doc. no. 4] is granted. This case is hereby terminated.

**SO ORDERED.**  ENTERED: March 22, 2005

HON. RONALD A. GUZMAN
United States District Judge